# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00126-MR
# CRIMINAL CASE NO. 2:13-cr-00012-MR-DLH-1

| | |
|---|---|
| JACKIE LEE RATTLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's "Motion for Tribunal to Acknowledge Petitioner's Right to the Assistance of Jailhouse Counsel" [Doc. 13].

The Petitioner pled guilty, pursuant to a plea agreement, to six counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of firearms by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). The Court sentenced the Petitioner to a total of 108 months' imprisonment. [Criminal Case No. 2:13-cr-00012-MR-DLH ("CR"), Doc. 204]. The Fourth Circuit Court of Appeals affirmed his conviction and sentence. United States

v. Rattler, 633 F. App'x 199 (4th Cir. 2016). The Petitioner then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1]. On September 23, 2016, this Court denied and dismissed his motion to vacate. [Doc. 5]. The Petitioner appealed, but on April 27, 2017, the Fourth Circuit denied a certificate of appealability and dismissed his appeal. [Doc. 10].

The Petitioner now returns to this Court, asking the Court "to honor his right to employ the assistance of a nonlawyer in the preparation of post-conviction pleadings." [Doc. 13 at 1-2]. Specifically, the Petitioner requests permission to allow a fellow inmate, Okang K. Rochelle, to assist him in preparing pleadings and filing such pleadings on his behalf.

The Court notes that the Petitioner has no matters currently pending before this Court. The Petitioner has exhausted his direct appeals and has already sought post-conviction relief under 28 U.S.C. § 2255. To the extent that the Petitioner seeks to file a second or successive § 2255 motion, he will need to seek authorization from the Fourth Circuit Court of Appeals before filing any such motion with this Court. See 28 U.S.C. § 2255(h). Under these circumstances, the Court has no authority to act upon the Petitioner's request for permission to obtain the assistance of a fellow inmate in preparing future pleadings. "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare

principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (quoting in part Mills v. Green, 159 U.S. 651, 653 (1895)).

To the extent that the Petitioner requests permission to allow Mr. Rochelle to file pleadings on his behalf, however, such request must be denied.[1]  Appearances in federal court are governed by 28 U.S.C. § 1654, which permits parties "[i]n all of the Courts of the United States ... [to] plead and conduct their own cases personally or by counsel...." 28 U.S.C. § 1654. This section, which codifies the Sixth Amendment's right to counsel, allows a litigant a choice between representation by counsel and self-representation. See Faretta v. California, 422 U.S. 834 (1975). The term "counsel" as used in this context, however, refers only to an individual authorized to practice law.  See United States v. Irwin, 561 F.2d 198, 200 (10th Cir. 1977).  The right to assistance of counsel does not include the right to representation by a person unlicensed to practice law.  United States v. Taylor, 569 F.2d 448, 451 (7th Cir. 1978); see also United States v. Martin, 790 F.2d 1215, 1218 (5th Cir. 1986) (holding that the defendant had no right to be represented by non-lawyer); United States v. Wilhelm, 570 F.2d 461,

---

[1] The Court notes that the Petitioner's present motion is signed by both the Petitioner and Mr. Rochelle as a "Jailhouse Lawyer."

465 (3d Cir. 1978) (rejecting contention that defendant had constitutional right "to be represented by a friend who is neither a law school graduate nor a member of the bar").

While Mr. Rochelle refers to himself as a "Jailhouse Lawyer," he is not admitted to practice law in the State of North Carolina. Both Mr. Rochelle and the Defendant are advised that attempting to represent the legal interests of anyone other than oneself, unless licensed to practice in the State of North Carolina or admitted elsewhere and specially admitted, constitutes the unauthorized practice of law, which is a criminal offense in the State of North Carolina. See N.C. Gen. Stat. §§ 84–4, 84–8.

Based on the foregoing, the Petitioner is advised that if he wishes to file any further post-conviction proceedings, whether in this Court or in the Fourth Circuit Court of Appeals, he cannot be represented by Mr. Rochelle. Rather, the Petitioner must file his own motions, signed solely by him. Any future pleadings co-signed by Mr. Rochelle may be stricken and/or referred to the North Carolina State Bar for a determination as to whether Mr. Rochelle is engaging or attempting to engage in the unauthorized practice of law.

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion for Tribunal to Acknowledge Petitioner's Right to the Assistance of Jailhouse Counsel" [Doc. 13] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 6, 2018

Martin Reidinger
United States District Judge